*612 OPINION.
Sternhagen:
The determination of a reasonable allowance for obsolescence to be included within the depreciation deduction necessarily involves an attempt to prophesy the future. This precludes any certainty, and the degree of soundness or accuracy with which the prophecy can be made depends upon whether the property and the business in which it is used has had sufficient past experience to form the basis of an estimate for the future. In the present case the problem is applied to two modern theatre buildings for the display of moving pictures. They were constructed in 1921 and are still generally regarded as up to date and attractive to the public as modern places of amusement. The petitioners, however, have introduced evidence substantial both in quantity and quality for the purpose of showing that, by reason of rapid and material changes in the construction of such theatres brought about by new mechanical devices and new demands of the public for comforts and conveniences, a look into the future can be made with reasonable assurance that these theatre buildings will be obsolete in twenty-five years at the latest. The respondent has measured the period of forty years. The evidence leaves no doubt that the period of physical exhaustion and wear and tear is substantially longer than either of these periods, and therefore the sole question involved is the period at obsolescence.
The difficulty in this problem is to steer a safe course between a period which sensible people would regard as unreasonably long, on the one hand, and on the other a period which represents a pessimistic guess. In the present instance it may fairly be said that the period estimated by each party can find some support in the evidence. The burden is upon the petitioners, and we are of opinion from the evidence that the period of twenty-five years for which they contend is shorter than is justified. After careful consideration we have concluded that a fair estimate of the probable life of these buildings before they become obsolete is thirty-three and one-third years from their construction, and that 3 per cent is an ample allowance annually to achieve the complete recovery of their capital cost.
Judgment will he entered on £0 days’ notice, under Rule 50.